UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
             :

ALVARO MENDEZ,
             :

          Plaintiff,
             :         26 Civ. 780 (JPC)

     -v-
             :         <u>ORDER</u>

85 WINE CORP., *et al.*,
             :

          Defendants.
             :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Defendants were served with a Summons and the Complaint on March 4, 2026, making their deadlines to respond March 25, 2026. *See* Dkts. 6-9. That date has passed, and the docket does not reflect responses to the Complaint from Defendants. Accordingly, the Court *sua sponte* extends Defendants' deadlines to respond to the Complaint to April 16, 2026. If Defendants once again fail to respond to the Complaint by their deadlines to do so, Plaintiff shall seek a Certificate of Default by April 23, 2026.

No later than April 9, 2026, Plaintiff must serve copies of this Order on (1) Defendant 85 Wine Corp. by personally delivering it to, and leaving it with a person of suitable age and discretion at, the address associated with 85 Wine Corp. on the New York Secretary of State's website—206 E. 85th Street, New York, New York 10028—as well as any other addresses associated with 85 Wine Corp. that may be known to Plaintiff, *see* Dkt. 1 ¶¶ 11-13, (2) Defendant Bear Noah Corp. by personally delivering it to, and leaving it with a person of suitable age and discretion at, the address associated with Bear Noah Corp. on the New York Secretary of State's website—204 E. 85th Street, New York, New York 10028—as well as any other addresses associated with Bear Noah Corp. that may be known to Plaintiff, *see id.*, and (3) the remaining Defendants by personally delivering it to,

and leaving it with someone of suitable age and discretion at, the address where Plaintiff served those Defendants with copies of the Summons and Complaint.  Within two days of such service, Plaintiff must file proof of service upon the docket.  Plaintiff's proof of service must provide information indicating why it is reasonable to believe that the person that the Order is left with is qualified to accept service on behalf of the remaining Defendants.  *See Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980) ("Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient.").

      SO ORDERED.

Dated: April 2, 2026
      New York, New York

                               JOHN P. CRONAN
                      United States District Judge